IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dean Kinningham, | ) | C/A No.: 1:12-439-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden Adwell; Greg Livingston, RN Nurse; and GEO Care of South Carolina, Inc., | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Dean Kinningham ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action against Steven Adwell, Nurse Greg Livingston, and GEO Care of South Carolina, Inc. (collectively "Defendants"). This action is construed as brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971) and as asserting claims of violations of Plaintiff's constitutional rights. [Entry #1 at 2].

This matter comes before the court on Defendants' motion for summary judgment. [Entry #66]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #67]. This matter having been fully briefed [Entry #96], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.). Because the motion for summary judgment is dispositive, this report and

recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends Defendants' motion for summary judgment be granted.

I.     Factual Background

During the period relevant to the facts in the complaint, Plaintiff was in the custody of the United States Marshals Service ("USMS"). [Entry #66-3 at 3]. Defendant GEO Care of South Carolina, Inc. ("GEO") provides detention healthcare services at private healthcare detention facilities such as the Columbia Regional Care Center ("CRCC"). *Id.* at 2. Pursuant to a contract between USMS and GEO, Plaintiff was confined at CRCC from March 2011 to July 2012. *Id.* at 3. Defendant Adwell was the Facility Administrator and defendant Livingston was a registered nurse at CRCC during the times relevant to the complaint. *Id.*

Plaintiff has a history of suicide attempts and frequently inserting sharp objects into his body to stab and pull at his intestines. *Id.* Plaintiff alleges that defendant Livingston, knowing of Plaintiff's history, gave him four syringe needles on September 22, 2011. [Entry #1 at 3]. Plaintiff further alleges that during the first week of October 2011, he shot his legs with the syringes full of fecal material, causing a horrible infection. *Id.* Plaintiff also alleges insufficient recreation time and complains about other conditions of confinement such as having nothing to read and being required to wear handcuffs and shower shoes in the cold. *Id.*

II.  Discussion

    A.  Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.   Analysis

Plaintiff brings suit while detained in the custody of the USMS, a federal agency; therefore, his constitutional claims are construed as brought pursuant to *Bivens*. *Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). Defendants argue that they are not subject to suit under *Bivens* because they are not governmental agents or officers and do not act under the color of governmental authority. [Entry #66-2 at 8].

Although not cited by Defendants, the United States Supreme Court has recently held that:

> [W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law.

*Minneci v. Pollard*, 132 S.Ct. 617, 626 (2012). The plaintiff in *Minneci* suffered injuries after slipping on a cart left in the doorway of the privately-run prison's butcher shop. *Id.* at 620. The plaintiff fractured his elbows and the prison arranged for surgery. The

4

plaintiff claimed violations of the Eighth Amendment based on the following allegations: (1) despite informing a prison guard that he could not extend his arm, a guard forced him to wear a jumpsuit; (2) he was forced to wear arm restraints during visits to the outside clinic, causing him continued pain; (3) prison medical personnel failed to put his elbow in a splint and failed to provide physical therapy as recommended by the outside clinic; (4) prison officials failed to make alternative arrangements for him to receive meals when his arms were in casts or similarly disabled; (5) prison officials deprived him of basic hygiene care such that he could not bathe for two weeks; (6) prison officials provided him with insufficient medicine; and (7) prison officials forced him to return to work before his injuries had healed. *Id.* at 620–21.

In holding that the plaintiff could not maintain a *Bivens* suit against employees of the privately-operated prison, the *Minneci* Court distinguished the case from a claim of constitutional violations by employees of the federal government. *Id.* at 623. The Court also found that the plaintiff had adequate state-law remedies to protect the constitutional interests at issue. *Id.* at 624–26. The Court noted that the law of California, where the claim arose, provides for ordinary negligence actions, medical malpractice actions, and for "actions based upon the failure of one with a custodial duty to care for another to protect that other from unreasonable risk of physical harm." *Id.* at 624 (quotations omitted). Additionally, the Court stated that "California's tort law basically reflects general principles of tort law present, as far as we can tell, in the law of every State." *Id.* Therefore, the Court declined to recognize a *Bivens* claim against employees of a privately-operated prison, where adequate state-law remedies exist.

Here, Plaintiff does not dispute that he also has available state-law remedies. [Entry #96 at 4]. For instance, Plaintiff may bring a claim for intentional infliction of emotional distress, a medical negligence claim[1] against Livingston, and respondeat superior claims against GEO and Adwell.[2] *See, e.g. McKnight v. S.C. Dep't of Corrections*, 684 S.E.2d 566, 572 (S.C. App. 2009) (finding that Just Care, a privately-operated company that contracted with the South Carolina Department of Corrections to provide medical services, had a duty to the prisoner-plaintiff while he was in their custody). Additionally, while *Minneci* only applied to employees of privately-operated prisons, the reasoning of *Minneci* appears equally applicable to defendant GEO in this case. Therefore, the undersigned recommends the district judge decline to extend *Bivens* to create liability for a private corporation operating a prison and grant Defendants summary judgment.

III.    Conclusion and Recommendation

Based on the foregoing, the undersigned recommends that Defendants' motion for summary judgment [Entry #66] be granted.

---

[1] The undersigned does not construe this action as one for medical malpractice, as Plaintiff's complaint does not make allegations necessary to invoke this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 and Plaintiff's response to summary judgment indicates he preferred to bring a claim for alleged constitutional violations. [Entry #1; Entry #96 at 4]. Further, the undersigned notes that Plaintiff has failed to comply with pre-filing requirements for bringing a medical malpractice action pursuant to S.C. Code Ann. § 15-79-110, et seq. and § 15-36-100.

[2] The undersigned renders no opinion about Plaintiff's likelihood of success if he were to pursue state-law remedies. As the *Mennici* Court noted, state-law remedies need not be perfectly congruent with a *Bivens* remedy and state tort law may sometimes prove less generous. However, it is also unclear whether Plaintiff's claims would survive summary judgment if Defendants were subject to *Bivens* liability.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

July 16, 2013                                              Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).